# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DOMINIQUE COOPER, | § |
| | § |
| Plaintiff, | §  Civil Action No. |
| | § |
| v. | § |
| | §  **Jury Trial Demanded** |
| CREDIT ACCEPTANCE CORPORATION, | § |
| | § |
| Defendant. | § |

## COMPLAINT

DOMINIQUE COOPER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ACCEPTANCE CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Wichita Falls, Texas 76306.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 25505 West Twelve Mile Rd., Southfield, Michigan 48304.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Plaintiff maintained a cellular telephone number, the last four digits of which were 8471.

11. Plaintiff has only used this phone as a cellular telephone.

12. Defendant called Plaintiff on a repeated basis on her cellular telephone.

13. When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant was calling her using an automated telephone dialing system as she would routinely hear a pre-recorded message prior to speaking to one of Defendant's callers.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop Defendant's incessant calling, Plaintiff spoke to Defendant shortly after calls commenced, and insisted that Defendant stop calling her.

17. Once Defendant was informed that its calls were unwanted and to stop calling, all further calls could only have been made solely for the purposes of harassment.

18. Defendant proceeded to ignore Plaintiff's revocation and continued to call her.

19. The foregoing conduct was in violation of the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE
# TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

22. Defendant's calls to Plaintiff were not made for "emergency purposes."

23. Defendant's calls to Plaintiff after Plaintiff revoked consent to call were made without "prior express consent."

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOMINIQUE COOPER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DOMINIQUE COOPER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: 7/12/19

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com